OBED E. PAINE, Overseer of the Poor of Smithfield, *v.* THE TOWN COUNCIL OF NORTH PROVIDENCE.

An appeal by the overseer of the poor of a town, from the order of the town council of another town, removing to the one in which he is such overseer a poor person, is properly taken, if taken to the Supreme Court next to be holden after twenty days from the delivery of said poor person and the leaving with this overseer an attested copy of such order, and need not necessarily be claimed within forty days after the making of the order, the provisions of chapter 346 of the Revised Statutes not being repealed by those of chapter 681.

APPEAL by the Overseer of the Poor of the town of Smithfield from an order of the Town Council of the town of North Providence, directing the removal of one James E. Angell, a pauper, from North Providence to Smithfield, on the alleged ground that the said Angell, who was receiving aid from said town of North Providence, had a legal settlement in the town of Smithfield.

The case was heard upon the respondent's motion to dismiss the appeal because it was not seasonably taken. The grounds of the motion and the statutes cited, are set forth in the opinion of the court.

*Blodgett, for respondent, in support of the motion.*

*L. D. Jenckes, for appellant, contra.*

BRAYTON, C. J. This is an appeal from an order made by the Town Council of North Providence, on the 7th day of April, 1869, whereby one James E. Angell was ordered to be removed to the town of Smithfield. The appeal was taken to the present term of the court, being the court holden next after twenty days from the delivery of the order to the overseer of the poor of said town of Smithfield.

The appeal was taken under the provisions of chapter 346 of the Revised Statutes, which provides that if the overseer of the poor of any town to which any poor person shall be removed by order of the town council of any town, according to the provision of section thirteen of chapter fifty-one of the Revised

Statutes, shall think his town aggrieved at the determination and order of removal, it shall be lawful for him, in behalf of his town, to appeal to the Supreme Court next to be holden after twenty days from the delivery to him of such poor person, and the leaving with him an attested copy of such order in the county in which the town from which such poor person was removed is situated. This act was passed March, 1860.

It is now moved to dismiss this appeal as not properly taken, and because, as it is claimed, a subsequent act, passed March, 1867, being chapter 681 of the Revised Statutes, has impliedly repealed the provisions of chapter 346, and required the appeal to be first claimed within forty days next after making the order or determination, and not afterwards.

The provision referred to is this : "Any party aggrieved at any judgment or decree of any town council, when the time within which an appeal may be claimed is not limited by law, may claim his appeal within forty days next after the passage of this act ; and in judgments or decrees hereafter to be entered by any town council, when the time within which an appeal may be taken is not limited by law, the same shall be claimed within forty days after the ordering of such decree or judgment, and not afterwards."

The provision of chapter 346 is a special provision for a special case, and is adapted to the special circumstances. The adjudication of the town council of one town, that a pauper is last legally settled in another town, and the order to remove him to such other town, is essentially, and in fact, an *ex parte* proceeding, so far as such other town is concerned. Such order and determination never become in any way binding upon the town to which the pauper is ordered to be removed, until the actual removal of the pauper under the order. The town to which he is ordered to be removed is not supposed to know, and as a matter of fact, very seldom does know, of the order, until notice is given to them by the delivery of the person to be removed. If after such removal and notice no appeal be taken, then, indeed, the order becomes binding upon the town to which the removal is made.

The English statute in relation to removals, 13 and 14 Charles II. C. 12, gave to "all persons who think themselves aggrieved by any such judgment of the said parties," a right to appeal "to the justices of the peace at their next quarter sessions" Upon an appeal to the quarter sessions, it was objected that midsummer quarter sessions had intervened since the making of the order of removal; and to this it was answered, that the appeal is given to the next sessions after the parties find themselves aggrieved, which is not until the removal, and for aught appears, the session is the next after the grievance, to which the court agreed. In chapter 51 of the Revised Statutes, to which chapter 346 is an amendment, section 16 gives an appeal to the Supreme Court, in substantially the same language as the English statute does to the quarter sessions, to the next Supreme Court. This amendment, therefore, declares only what has in England been held to be the meaning and intent of that section of the original act giving the appeal.

Chapter 681, if it were intended to apply to a case of removal, would require the appeal to be claimed within forty days next after the making of the order, when it may be that time may have expired before the town can be aggrieved, before there is any cause of grievance; for at the end of that time the removal might not be made.

The language of the chapter is, "Any party aggrieved at any judgment, may claim his appeal within forty days * * * and in judgments and decrees hereafter to be entered * * * the same shall be claimed within forty days after the entering of such decree." It cannot be supposed that the legislature intended otherwise by this language, than that the overseer should have forty days within which he might appeal, during which time there should be cause of grievance. He is not expected to appeal until aggrieved, and yet he is to have forty days for consideration. No one not a party to the proceeding in which the judgment is rendered, or a party to the judgment when rendered, can fall within the apparent intent of the act.

*The motion to dismiss must be overruled.*